**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| K2K YACHT CHARTERS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-3189 |
| PAUL BURGESS, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

This case involves negligence and respondeat superior claims brought by Plaintiff K2K

Yacht Charters, LLC ("K2K"). Before the Court are two motions: Defendant Harbor East Parcel

D – Hotel LLC's ("Four Seasons") Motion to Compel Arbitration and Stay Proceedings ("Four

Seasons's Motion"), ECF No. 8, and Paul Burgess's Motion to Stay the Matter and to Compel

Arbitration ("Mr. Burgess's Motion"), ECF No. 19. The Motions are ripe for review, and no

hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court

grants the motions.

**FACTUAL BACKGROUND[1]**

Four Seasons operates a luxury hotel in Baltimore's Inner Harbor. Four Seasons entered

into two contracts to provide maritime charter passages to its hotel guests. ECF No. 8-1 at 1. On

January 11, 2024, K2K signed a contract (the "Yacht Contract") to lease a catamaran to Four

---

[1] The facts presented here are taken from the Complaint, Four Seasons's Motion, and the exhibits attached thereto. *See Albert v. Glob. Tel Link Corp.*, Civil Action No. LKG-20-1936, 2025 WL 974530, at *1 n.1 (D. Md. Apr. 1, 2025).

Seasons. ECF No. 8-2 at 2.[2] Under the Yacht Contract, Four Seasons agreed to maintain the catamaran during the lease and hire a licensed captain for all charter activities. ECF No. 8-2 at 8. Four Seasons also agreed to be responsible for any damage to the catamaran during the lease period. ECF No. 8-2 at 8. On February 16, 2024, Four Seasons signed a contract with Paul Burgess to operate the catamaran for the hotel's patrons. ECF No. 8-4 at 17, 27. Both contracts contain a clause stating that, "in the event of a dispute arising from this agreement," the parties agree to resolve the dispute in binding arbitration. ECF No. 8-2 at 5; ECF No. 8-4 at 25.

On July 29, 2024, while piloting the catamaran with passengers on board, Mr. Burgess allegedly fell asleep, and the catamaran collided with a seawall, causing significant damage to the catamaran. ECF No. 1 ¶ 10.

On November 25, 2024, K2K filed a demand for arbitration against Four Seasons arising from the incident and sought to recover money damages based on damage to the catamaran and lost profits for scheduled charters. ECF No. 8-3 at 2–3.

On September 25, 2025, K2K filed its Complaint in this Court, alleging negligence and respondeat superior claims against Mr. Burgess and Four Seasons, respectively. ECF No. 1.

On October 6, 2025, Four Seasons filed its Motion. ECF No. 8. On October 17, 2025, K2K filed a Response. ECF No. 14. On October 30, 2025, Four Seasons filed a Reply. ECF No. 15. On November 14, 2025, K2K filed a Surreply. ECF No. 18.

On December 1, 2025, Mr. Burgess filed his Motion. ECF No. 19. On December 11, 2025, K2K filed a Response. ECF No. 23.

---

[2] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") provides for the enforcement of a written arbitration agreement in a maritime or commercial contract that requires all parties to the contract to submit to arbitration any dispute "arising out of such a contract." 9 U.S.C. § 2. Should a party to the contract refuse to arbitrate a dispute, an aggrieved party may petition the U.S. District Court that has jurisdiction to compel the non-cooperating party to submit the dispute to binding arbitration. 9 U.S.C. § 4. When a court reviews a motion to compel arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*, 460 U.S. 1, 24–25 (1983). Indeed, courts presume a dispute is arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

**DISCUSSION**

Defendants raise two similar arguments in their separate motions: That K2K must arbitrate its two claims, and that because these claims are subject to arbitration, the case must be stayed pending the resolution of arbitration. ECF No. 8-1 at 7, 13; ECF No. 19-1 at 3–4. The Court addresses each in turn.

**I.      K2K's Claims are Subject to Arbitration.**

A motion to compel arbitration must show (1) there is a dispute between the parties; (2) a written arbitration clause covers the dispute; (3) a relationship between the transaction and interstate or foreign commerce; and (4) the refusal of a party to arbitrate the dispute. *Whiteside v. Teltech Corp*., 940 F.2d 99, 102 (4th Cir. 1991). The only issue in dispute here is whether, under the second element, the arbitration clause in the Yacht Contract covers the two claims asserted

by K2K. The standard for determining if a claim falls under an arbitration agreement is "whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of the legal label assigned to the claim." *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir. 1988). The Court first reviews whether K2K's claim against Four Seasons is within the scope of the arbitration clause before reviewing the same for K2K's claim against Mr. Burgess.

The factual allegations underlying K2K's respondeat superior claim against Four Seasons, arising from the alleged negligence of Mr. Burgess, are within the scope of the arbitration clause in the Yacht Contract. As discussed above, the arbitration clause states that the parties will submit to arbitration "in the event of a dispute arising from this agreement." ECF No. 8-2 at 5. The respondeat superior claim arises from the Yacht Contract for two reasons. First, Four Seasons hired Mr. Burgess pursuant to the Yacht Contract, which required Four Seasons to hire a licensed captain to operate the catamaran. ECF No. 8-2 at 8. Thus, but for the Yacht Contract, K2K would have no basis for a respondeat superior claim against Four Seasons because the circumstances on which the claim is based "arise from" Mr. Burgess's employment under the Yacht Contract. *See* ECF No. 1 ¶ 20 (pleading that "Four Seasons is vicariously liable for the damage caused by Mr. Burgess' negligence in operating the Vessel as part of his employment with Four Seasons."). Second, Four Seasons's alleged duty of care to K2K arises from the Yacht Contract. *See Chassels v. Krepps*, 235 Md. App. 1, 13 (2017) (holding a duty of care in a negligence claim "can arise … by contract"). Under the Yacht Contract, Four Seasons agreed to be responsible for "caring [for] and maintaining the vessel" and "for any damage incurred on the vessel" during the lease period. ECF No. 8-2 at 8. Accordingly, absent the Yacht Contract, K2K would have no basis to assert its respondeat superior claim because Four Seasons

would not have served as a charterer of the catamaran and would not have agreed to any duty to care for or prevent damage to the catamaran. For these reasons, the factual allegations underlying the respondeat superior claim against Four Seasons arise from the arbitration clause of the Yacht Contract.

K2K's negligence claim against Mr. Burgess is also covered by the arbitration clause in the Yacht Contract. K2K argues that the negligence claim is not arbitrable because K2K has no contract with Mr. Burgess. ECF No. 14-1 at 2–3. This argument is flawed. "Well-established common law principles dictate that in an appropriate case a non-signatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 204 F.3d 411, 416–17 (4th Cir. 2000). In particular, a non-signatory can enforce an arbitration provision if the claims against the non-signatory are based on the same facts as the signatory-plaintiff's claims against another signatory. *See J.J. Ryan & Sons*, 863 F.2d at 320–21. For example, the Fourth Circuit has held that "when the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement." *Id.*

The parent-subsidiary relationship in *J.J. Ryan & Sons* is analogous to the instant case. As illustrated above, K2K's negligence and respondeat superior claims are based on identical circumstances—that Mr. Burgess negligently operated the catamaran—and are therefore inseparable from each other. ECF No. 1 ¶¶ 7-10, 12-20. Therefore, under *J.J. Ryan & Sons*, the negligence claim against Mr. Burgess is subject to the arbitration clause of the Yacht Contract.[3]

---

[3] In addition to the parent-subsidiary analogue discussed above, K2K's negligence claim is subject to arbitration based on agency law. *Int'l Paper Co.*, 206 F.3d at 417 (recognizing agency law theory as basis to compel arbitration); *Long v. Silver*, 248 F.3d 309, 320 (4th Cir. 2001) ("A non-

K2K argues that the language of the arbitration agreement in the Yacht Contract should be construed as "narrow" because it only includes language that a dispute must "aris[e] from" the agreement rather than more broad agreements that include language that a dispute must "aris[e] out of or relat[e] to" the agreement. ECF No. 14-1 at 4–5. Therefore, K2K contends, the tort claims against Defendants fall outside the allegedly narrow arbitration agreement. ECF No. 14-1 at 4–5; ECF No. 23 at 2–3.

The arbitration agreement in the Yacht Contract states that "if a dispute arises *between* the Parties *hereto*" and "in the event of a dispute *arising from* this agreement," the parties agree to resolve the dispute through arbitration. ECF No. 8-2 at 5 (emphasis added). This language is broad enough to encompass K2K's claims for two reasons. First, the Fourth Circuit has explicitly held that a similar arbitration clause, using the phrase "[a]ny dispute arising out of the [c]ontract," was broad. *Burlington Ins. Co. v. Trygg-Hansa Ins. Co. AB*, 9 F. App'x 196, 201–02 (4th Cir. 2001) (quoting *Int'l Paper Co.,* 206 F.3d at 416 n.3). Second, in *J.J. Ryan & Sons*, the Fourth Circuit held that the difference between the phrases "in connection with," and "may arise out of or in relation to" is "largely semantic" given the Supreme Court 's "admonition that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *See* 863 F.2d at 321 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–

---

signatory may invoke an arbitration clause under ordinary state-law principles of agency or contract"). Courts in this Circuit and circuit courts across the country have determined that where "a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." *Dennie v. MedImmune, Inc.*, Civil Action No. PX-16-3643, 2017 WL 2930462, at *4 (D. Md. July 10, 2017) (collecting cases). Here, as discussed above, Four Seasons and the claim against it are covered by the arbitration agreement in the Yacht Contract. Additionally, Mr. Burgess acted as an agent of Four Seasons, the principal, by agreeing to operate the catamaran on its behalf. ECF No. 8-2 at 8; ECF No. 8-4 at 27. Accordingly, because K2K's claims against Defendants are based on their agency relationship— that Mr. Burgess negligently operated the catamaran on behalf of Four Seasons—Mr. Burgess and the claim against him are covered by the arbitration agreement.

25 (1983)). The Fourth Circuit's reasoning applies with equal force here. The dual phrases in the Yacht Contract are akin to those the Fourth Circuit considered in *J.J. Ryan & Sons*. Moreover, to the extent there is any doubt as to whether the language of the Yacht Contract covers K2K's claims, it would be resolved in favor of arbitration.

The factual allegations underlying K2K's negligence and respondeat superior claims fit within the scope of the arbitration clause in the Yacht Contract and are therefore subject to arbitration. The Court grants Defendants' requests to compel arbitration.

## II.      The Case Must Be Stayed.

The FAA requires that if a court refers a suit to arbitration, it shall stay the proceedings "on application of one of the parties." 9 U.S.C. § 3. Under this statutory provision, a court does not have discretion to dismiss the suit but must stay the proceedings. *Smith v. Spizziri*, 601 U.S. 472, 476 (2024). Both Burgess and Four Seasons have moved to stay the proceedings. ECF No. 8-1 at 13; ECF No. 19-1 at 4. Therefore, under the FAA and *Smith*, the Court grants Defendants' requests to stay the case.

**CONCLUSION**

Four Season's Motion to Compel Arbitration and Stay Proceedings is GRANTED. Mr. Burgess's Motion to Stay the Matter and to Compel Arbitration is GRANTED. A separate order follows.

Date: April 20, 2026

_____/s/_____
Chelsea J. Crawford
United States Magistrate Judge

7